John D. Bennett, S.
This is an accounting proceeding in which a construction is requested of several portions of decedent’s will.
The application to amend letters of trusteeship granted by this court on March 6, 1959, so as to add Monroe derrick as a cotrustee of the trust set up under article Tenth of the will is granted. Monroe derrick is therefore relieved of the consequences of his inadvertent renunciation of said letters and he is hereby permitted to resign nunc pro tuno as trustee of the trust created in article Eleventh of the will.
The payment heretofore made to the trustees of the article Eleventh trust shall be deemed payment to them as trustees of the trust created in article Tenth of the will.
*537 ' No objection having been made by any of the parties interested, the executors are permitted to abandon as worthless the securities listed in the petition herein.
The petitioners request a construction of part of article . Eighteenth G.2 of decedent’s will, which reads as follows: “ To invest trust funds in high grade common stocks and other high grade securities, which are not legal for trust investments under the laws of the State of New York, up to an aggregate of thirty-five (35%) per cent of the original amount of corpus of the respective Trusts established hereunder, and may continue to invest and reinvest such an amount in non-legal securities.”
The construction of article Eighteenth G.2 requested in the petition and consented to by the special guardian for the contingent remaindermen herein, to the effect that no investment shall be made which will cause the aggregate market value of the investments made eligible by article Eighteenth G.2. of the will to exceed 35% of the original amount of the corpus of the trusts, and that no sale or liquidation of any investment shall be required solely because of any change in the market value of the investments, is granted and article Eighteenth G.2. of the will is so construed.
Construction is also sought of article Eighteenth L. of the will, which provides as follows: “ I direct that every authority, right, power or duty herein conferred or imposed upon my Executors or Trustees, may be exercised or performed by a majority of said Executors or Trustees, as the case may be, with the same force and effect as if all had joined therein.”
The construction of article Eighteenth L. urged in the petition herein would act to relieve a dissenting trustee from liability for the acts of a majority thereof.
The court believes that to make such a construction would be beyond its power, and contrary to public policy as stated in section 125 of the Decedent Estate Law: “ The liability of a fiduciary for the wrongful acts of his co-fiduciary will depend upon whether he knew or should have known of such acts without taking appropriate steps to prevent it.” (1 Harris, Estates Practice Guide [2d ed.], § 415, p. 636.)
Accordingly, article Eighteenth L. of the will is construed not to relieve a fiduciary from liability imposed by law merely because he fails to join with the majority who have the authority to act with the same force and effect as if all had joined therein.
The determination of the fee of the special guardian herein is postponed until such time as he shall submit an affidavit of his services herein.